CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 20 2005

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY GRIMES, #167493, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | )     Case No. 7:05-CV-00036 <br> ) |
| COMMONWEALTH OF VIRGINIA, et al., <br> Defendant. | )     By:    Michael F. Urbanski <br> )            United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Timothy Grimes, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983 alleging that Virginia correctional officials violated his constitutional rights by using excessive force against him on three occasions scattered across the past six years. Plaintiff is currently housed at Red Onion State Prison ("Red Onion").

This matter is before the undersigned for report and recommendation on defendants' motion for summary judgment. Having reviewed defendants' motion and other materials in the record, it is the recommendation of the undersigned that defendants' motion for summary judgment be granted as to plaintiff's first two excessive force claims of September 18, 1998 and December 21-23, 1999. These two claims are barred by the statute of limitations.

As to plaintiff's excessive force claim of September 6, 2004, the court held an evidentiary hearing on November 21, 2005 on the issue of administrative exhaustion. At the hearing, plaintiff contended that he attempted to file informal complaints, grievances, and administrative appeals regarding his September 6, 2004 excessive force claim. The court finds a disputed issue of material fact exists as to whether Grimes administratively exhausted this claim. As such, it is the recommendation of the undersigned that defendants' motion for summary judgment be

1

denied regarding plaintiff's September 6, 2004 excessive force claim.

I

Plaintiff's complaint alleges that defendant Taylor used excessive force against him on September 18, 1998; that defendants Fowler, Phillips, Smith, Sykes, Damrom, and True used excessive force against him on December 21-23, 1999; and that defendants Wright, McConnell, and McCowan used excessive force against him on September 6, 2004. For these, plaintiff requests ten million dollars ($10,000,000.00) in damages as well as an award of court costs and fees. Docket No. 2, at 1.

In their motion for summary judgment, defendants assert that plaintiff's claims dating back to 1998 and 1999 are barred by the statute of limitations, and that plaintiff has not exhausted his administrative remedies regarding his third claim.

Plaintiff was oriented with the inmate grievance procedure in September of 1998 and May of 2002. Defs.' Br. ¶ 5. The grievance procedure provides that prior to submitting a grievance, an inmate must demonstrate that he made a good faith effort to informally resolve his complaint by submitting an informal complaint to the applicable department head. Taylor Aff. ¶ 4. When an inmate submits a regular grievance, as set forth in Division Operating Procedure (DOP) 866, the grievance is logged and a receipt is issued to the inmate if the grievance is accepted. Id. at ¶ 4. If a grievance is accepted and an inmate is not satisfied by the institution's response, DOP 866 provides for two levels of mandatory appellate review. Id. at ¶ 6.

Grievances are only allowed to include one issue per grievance. Taylor Aff. ¶ 4. If a grievance is not accepted, it is returned to the inmate within two working days with an explanation as to why the grievance was declined. Id. at ¶ 5. The inmate then has the

2

opportunity to resubmit the grievance after complying with the criteria for acceptance, or send the grievance to the Regional Ombudsman for a review of the intake decision. Id. at ¶ 5.

At the evidentiary hearing on November 21, 2005, both the plaintiff and Fonnie Taylor, grievance coordinator at Red Onion State Prison, testified as to plaintiff's attempts to exhaust his administrative remedies. Plaintiff argues he attempted in good faith to exhaust his administrative remedies, but that his mail was tampered with and his grievances were obstructed. Defendants argue that plaintiff was very familiar with the grievance procedure, having successfully filed thirty-five (35) other complaints in the system, and though he may have attempted to file grievances regarding the September 6, 2004 claim, he never filed these grievances in a form that defendants accepted.

Plaintiff stated that he filed two informal complaints, one on September 6, 2004 and one on September 7, 2004, but did not receive a response to either complaint within the fifteen (15) day period required under the procedures. Plaintiff testified that he then filed a regular grievance pursuant to DOP 866 on September 29, 2004. However, no record of such grievance exists.

Grimes testified that after failing to receive a reply to his grievance, he filed a letter with the Regional Ombudsman on October 27, 2004. In the letter, plaintiff references the September 6 and 7, 2004 informal complaints as well as the September 29, 2004 grievance. Taylor Aff. encl. C. The letter was returned to Grimes, along with a note encouraging him to utilize the inmate grievance procedures. Taylor Aff. ¶ 8.

Grimes then submitted a regular grievance form on November 18, 2004 stating that he had submitted an informal complaint and a regular grievance and that neither of those had been responded to. Taylor Aff. ¶ 9, encl. D. On November 19, 2004, R. Mullins returned this

3

grievance to plaintiff because it contained more than one issue. Id. at ¶ 9. The grievance form noted that plaintiff should resubmit the grievance with only one issue. Id. at ¶ 9.

On November 30, 2004, plaintiff submitted a regular grievance form stating that an informal complaint he had submitted to the Assistant Warden's office on November 4, 2004 had not been responded to. Taylor Aff. ¶ 10, encl. E. On December 1, 2004, Taylor indicates that she returned this grievance to plaintiff because he did not provide sufficient information; she was unsure whether he was grieving the September 2004 assault or the November 2004 lack of response to his informal complaint. Id. at ¶ 10. Taylor indicates that she advised plaintiff to clarify his issue. Id. at ¶ 10.

On January 5, 2005, plaintiff mailed a letter to the Regional Ombudsman's office. Taylor Aff. ¶ 11, encl. F. K.A. Crowder, Regional Ombudsman, forwarded a response to Taylor's office, indicating that she was unsure what issue plaintiff was complaining about. Id. at ¶ 11. She advised plaintiff to follow the inmate grievance procedure. Id. at ¶ 11.

On February 7, 2005, plaintiff submitted a grievance stating that he had not yet received an intake decision for a grievance he filed on February 1, 2005, and an informal complaint form, also dated February 1, 2005, regarding the events of September 6, 2004. Taylor Aff. ¶ 12. On February 8, 2005, Taylor indicates that R. Mullins returned the grievance to plaintiff for not using the informal process to resolve the complaint. Id.

## II

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56. Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those

4

facts, in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Ordinarily, a prisoner proceeding pro se in an action filed under § 1983 may rely on the detailed factual allegations in his verified pleadings in order to withstand a motion for summary judgment by the defendants that is supported by affidavits containing a conflicting version of the facts. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979). Thus, a pro se plaintiff's failure to file an opposing affidavit is not always necessary to withstand summary judgment. While the court must construe factual allegations in the nonmoving party's favor and treat them as true, however, the court need not treat the complaint's legal conclusions at true. See, e.g., Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted); Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

### III

### A. Plaintiff's Claims Stemming from Defendants' Actions in 1998-99.

Plaintiff's complaint raises two claims stemming from two incidents occurring in 1998 and 1999. Because these claims are barred by applicable statutes of limitation, it is the

5

Case 7:05-cv-00036-SGW-mfu   Document 50   Filed 12/20/05   Page 5 of 10   Pageid#: 438

recommendation of the undersigned that these claims be dismissed.

Because there is no federal statute of limitations for actions filed under § 1983, the applicable state statute of limitation applies. When a state provides multiple limitation periods for personal injuries, the general or residual statute of limitation applies; in Virginia, this is the statute of limitations found in Va. Code Ann. § 8.01-243(A). Owens v. Okure, 488 U.S. 235, 245-47 (1989) (holding that the residual limitations period applies where state law provides multiple statutes of limitation); Almond v. Kent, 459 F.2d 200, 203-04 (4th Cir. 1972) (discussing Va. Code Ann. § 8.01-243(A)). As such, claims more than two years old are barred. As plaintiff's claim has been filed beyond the two-year limitation period included in the statute, it is the recommendation of the undersigned that plaintiff's 1998 and 1999 claims must be dismissed.

## B. Plaintiff's Claim Stemming from Defendants' Actions in 2004.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies prior to filing an action under § 1983. Prisoners must not just initiate grievances, they must also appeal any denial of relief through all levels of administrative review that comprise the administrative grievance process. See Booth v. Churner, 532 U.S. 731 (2001); Langford v. Couch, 50 F. Supp. 2d 544, 547 (E.D. Va. 1999). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). It also includes a procedural default component: a determination of whether a prisoner has "properly" exhausted his claim for procedural default purposes is made by evaluating a prisoner's compliance with a prison's administrative regulations governing inmate grievances and waiver, if any, of such regulations by prison officials. See Spruill v. Gillis, 372 F.3d 218, 222-23 (3d Cir.

2004).

However, where prisoners attempt to exhaust and prison officials thwart their ability to do so, the exhaustion requirement is treated as fulfilled. See, e.g., Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (holding that prisoner lacked an available administrative remedy for exhaustion purposes where the prisoner was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (finding allegations that prison officials failed to respond to written requests for grievance forms were sufficient to raise an inference that the prisoner had exhausted his "available" administrative remedies); Arnold v. Goetz, 245 F. Supp. 2d 527, 538-39 (S.D.N.Y. 2003) (finding a prisoner who was told that an inmate grievance process existed, but who was frustrated by officials in his attempts to learn how to use it, did not have recourse to an "available" administrative remedy); Davis v. Milwaukee Co., 225 F. Supp. 2d 967, 976 (E.D. Wis. 2002) (holding that when the record established that defendants interfered with the inmates' ability to exhaust in three ways such grievance procedure might have been "unavailable"); see also Newell v. Angelone, 2002 U.S. Dist. LEXIS 4150 (W.D. Va. Mar. 7, 2002) (Wilson, C.J.) (treating exhaustion and inability to exhaust as the same thing), aff'd, 2003 U.S. App. LEXIS 18125 (4th Cir. Sept. 2, 2003).

In this case, defendants contend plaintiff failed to exhaust his administrative remedies regarding his September 6, 2004 excessive force claim. Plaintiff testified at the hearing on November 21, 2005 that he filed two informal grievances relating to this incident, one on September 6, 2004 and another on September 7, 2004. He stated he gave these complaints to correctional officers to be placed in institutional mail. After hearing nothing back, Grimes

7

testified he then filed a regular grievance pursuant to DOP 866 on September 29, 2004.

Although no documentation for these informal complaints and regular grievance exists, Grimes makes reference to these filings in various correspondence. For example, Grimes writes the Regional Ombudsman on October 27, 2004 and in his letter complains that he has not received a reply to the September 6 and 7, 2004 informal complaints, or to the September 29, 2004 grievance. In the additional evidence Grimes provided to the court as directed after the November 21, 2005 hearing on this issue, he makes similar references to these unanswered complaints and grievance. Docket No. 49. This additional evidence includes a September 9, 2004 letter to Internal Affairs; a September 12, 2004 letter to Keith Dent, assistant chief of the investigative unit; an October 4, 2004 informal complaint to the Red Onion institutional ombudsman; and the October 27, 2004 letter to the Regional Ombudsman. Docket No. 49.

Defendants assert plaintiff failed to follow proper grievance procedures. Defendants argue that plaintiff was very familiar with the grievance procedure after successfully filing thirty-five (35) complaints in the system. Defs.' Supp. Argument to Mot. Summ. J. ¶ 1, 5. It appears that the grievances submitted by plaintiff on November 18 and 30, 2004, and on February 7, 2005, did not meet all the requirements of the DOP 866 grievance procedures. However, it is also apparent that the plaintiff tried repeatedly to grieve the excessive force incident of September 6, 2004. He submitted numerous letters to various persons after his initial attempts to grieve were either thwarted or unanswered, in a somewhat desperate attempt to have prison officials acknowledge and respond to his complaint. Plaintiff states he made a good faith attempt to follow the grievance procedures, and he has submitted evidence to that effect.

8

At summary judgment, the court must construe factual allegations in the nonmoving party's favor and treat them as true. See, e.g., Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (stating courts need not accept plaintiffs' "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations"); Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

As to this issue of administrative exhaustion, therefore, a genuine issue of material fact exists. The absence of any record of the successful filing of a grievance or appeal typically would be sufficient to establish plaintiff's failure to exhaust. However, the evidence in this case, including numerous documents in which Grimes references the unanswered informal complaints and grievance he claims to have filed, as well as his many attempts to grieve this incident, creates enough of a factual issue to preclude entry of summary judgment as to the September 6, 2004 excessive force claim.

As such, it is recommended that defendants' motion for summary judgment regarding the September 6, 2004 excessive force claim be denied, and the issue of whether plaintiff administratively exhausted the grievance process regarding this excessive force claim be an issue left for the ultimate trier of fact in this case.

## VI

The Clerk is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the

undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

**ENTER:** This 19th day of December, 2005.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge

10

Case 7:05-cv-00036-SGW-mfu   Document 50   Filed 12/20/05   Page 10 of 10   Pageid#: 443