CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 1 2 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY GRIMES,<br>    Plaintiff, | Civil Action No. 7:05CV00036 |
| v. | **ORDER** |
| COMMONWEALTH OF VIRGINIA,<br>et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Timothy Grimes brings this suit pursuant to 42 U.S.C. § 1983, raising three excessive force claims. Defendants filed a motion for summary judgment,[1] and the court referred the matter to United States Magistrate Judge Michael F. Urbanski pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. The Magistrate Judge conducted an evidentiary hearing and filed a report and recommendation, finding that two of Grimes' claims fell outside the relevant statute of limitations but that genuine issues of material fact remained as to whether Grimes had exhausted all available administrative remedies in relation to his third claim. The Magistrate Judge recommended that the court dismiss the two statutorily barred claims and that the court leave the issue of exhaustion of the third claim to the ultimate trier of fact. The defendants filed timely objections to the Magistrate Judge's report.

Having reviewed the Magistrate Judge's report, the defendants' objections, and pertinent portions of the record, the court agrees with the Magistrate Judge's finding that two of the claims are statutorily barred and adopts the portion of the report recommending dismissal of those claims. Because Grimes has not demanded a jury, the court is the ultimate trier of fact, charged

---

[1] The record suggests that service was never accomplished on four defendants: Steven White, Shane Bowen, Greg Owen, and Gloria Meade. However, the claims against these defendants were limited to the two earlier excessive force claims. Because the court is dismissing those claims as statutorily barred, those defendants need never be served.

with determining whether Grimes exhausted his administrative remedies. The Magistrate Judge has already conducted a hearing on the issue of exhaustion. Accordingly, the court finds that the issue of exhaustion is ripe for decision and recommits the case to the Magistrate Judge for proposed findings of fact and conclusions of law on the issue of exhaustion.

It is hereby **ORDERED** and **ADJUDGED** that the report and recommendation is **ADOPTED IN PART**. Two of Grimes' excessive force claims are **DISMISSED**, and the case is **RECOMMITTED** to the Magistrate Judge for proposed findings of fact and conclusions of law on the issue of whether Grimes' has fully exhausted his remaining claim.

ENTER: This 12th day of January, 2006.

UNITED STATES DISTRICT JUDGE